UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------- x
                                               :

CHEVRON CORPORATION,              :

                                           :    Case No. _____

                      Petitioner,       :

                                                 :

To Issue Subpoenas For The Taking Of Depositions     x
And The Production Of Documents.

----------------------------------------------------------------- 

**APPLICATION OF CHEVRON CORPORATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS**

Pursuant to 28 U.S.C. § 1782 and Rules 26, 30, 34, and 45 of the Federal Rules of Civil

Procedure, Petitioner Chevron Corporation ("Chevron") hereby applies to this Court for an Order

granting leave to serve Cristóbal Bonifaz ("Bonifaz") with the subpoena annexed to the

Declaration of Scott A. Edelman as Exhibit Z (the "Subpoena").  Chevron's application is based

upon the accompanying memorandum of law, the annexed Declaration of Scott A. Edelman

("Decl."), the annexed Request for Judicial Notice of U.S. Filings ("U.S. RJN"), and the annexed

Request for Judicial Notice of Court Filings and Orders in the Lago Agrio Litigation and of

Provisions of Ecuadorian Law ("Ecuador RJN").  Due to significant time exigencies here,

explained in detail in the accompanying memorandum of law, Chevron further requests an Order

to Show Cause why the Subpoena should not issue and establishing an expeditious briefing

schedule to resolve any objections.

Chevron respectfully applies to this Court for an order pursuant to Section 1782 to obtain

documents and deposition testimony from respondent Cristóbal Bonifaz for use in two pending

foreign proceedings, and for an Order to Show Cause establishing a rapid briefing schedule for

objections.  The two foreign proceedings are:  (1) a suit filed against Chevron in 2003 in the

Provincial Court of Justice of Sucumbíos in Nueva Loja, Ecuador (the "Lago Agrio Litigation"); and (2) an international arbitration brought by Chevron and Texaco Petroleum Company ("TexPet") against the Republic of Ecuador ("ROE"), filed on September 23, 2009, under the Bilateral Investment Treaty between the United States and Ecuador (the "Treaty Arbitration").

Numerous federal district courts have observed that there substantial evidence of fraud in the Lago Agrio Litigation.  For example, Magistrate Judge Howell of the Western District of North Carolina ruled on August 30, 2010 in connection with another 1782 application brought by Chevron: "While this court is unfamiliar with the practices of the Ecuadorian judicial system, the court must believe that the concept of fraud is universal, and that what has blatantly occurred in this matter would in fact be considered fraud by any court."  U.S. RJN Exh. N, at 12 (*In re Applic. of Chevron Corp.*, No. 1:10-mc-00027 (W.D.N.C. Aug. 30, 2010)).

Chevron's Application meets the requirements of Section 1782.  First, Respondent resides or may be found in the District of Massachusetts.  Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals:  the Lago Agrio Litigation and the Treaty Arbitration.  Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.  *See* Memorandum of Law in Support of Application ("Memorandum"), §§ III.A-C.

The discretionary factors a court considers in determining whether to grant a Section 1782 request, set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also favor granting this Application.  First, Bonifaz is not a participant in the foreign proceeding.  Second, Ecuadorian courts historically have been receptive to Section 1782 assistance from federal courts.  Third, this Application does not conceal an attempt to circumvent foreign proof-gathering restrictions and is a good faith effort to obtain probative evidence.  Finally, the documents and limited testimony sought are not unduly intrusive or

burdensome.  The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil. Procedure.  And "to the extent there is a burden, the benefit of shining light on allegedly corrupt proceedings significantly outweighs the burden, cost or hardship imposed on the Respondents."  U.S. RJN Exh. M (Sept. 1, 2010 Kamp Order), at 11.  *See* Memorandum, §§  III.C, III.D

Chevron has filed a number of related Section 1782 petitions seeking discovery regarding fraud in the Lago Agrio Litigation, which have been uniformly granted by each of the eleven federal courts to have decided them (two of which were appealed to, and affirmed by, the Second and Fifth Circuits).  *See* Memorandum, § I.A. n.2.  Significantly, courts have approved Section 1782 applications directed to other lawyers involved in the Lago Agrio Litigation.  *Id*.  The Southern District of New York has also denied petitions by the Republic of Ecuador and Plaintiffs to stay the Treaty Arbitration, and a request for an injunction prohibiting all Section 1782 discovery.  That court dismissed the petitions and denied the injunction, allowing the Treaty Arbitration to proceed, and permitting Chevron to continue its efforts to obtain discovery under Section 1782.  *See* U.S. RJN Exh. R (Order, *Republic of Ecuador v. Chevron Corp.*, Nos. 09-9958 and 10-0316 (S.D.N.Y. Mar. 16, 2010)).

Chevron has an urgent need for the discovery sought.  A hearing in the Treaty Arbitration is scheduled for the week of November 22, 2010, and Chevron needs the requested discovery to further prove the fraud and collusion between Ecuador and the Lago Agrio Plaintiffs.  The same is true of the Lago Agrio Litigation.  Among other things, Chevron must respond to new expert reports submitted by the Lago Agrio Plaintiffs on September 16, 2010.  Further, in light of Plaintiffs' pressing for a speedy resolution of the case, the very real possibility exists that a judgment could be entered in the very near future.  Chevron needs to submit or proffer further evidence of fraud and collusion in both tribunals before that occurs.  Other federal courts to

consider the matter have recognized the urgency.  Other federal courts to consider the matter have recognized the urgency to set expedited briefing schedules.  *See, e.g.,* U.S. RJN Exh. M at 6 ("Exigent circumstances occasioned by time deadlines imposed by the Ecuadorian court in the Lago Agrio Litigation compelled this Court to order expedited briefing on the requests for discovery"); U.S. RJN, Ex. W, 2 (finding on October 20, 2010 that "the Lago Agrio plaintiffs are seeking to move the Ecuadorian civil litigation to judgment as quickly as possible" and thus "petitioners have an urgent need for any discovery to which they are entitled here"); Memorandum, § I.B.

Chevron proposes that Plaintiffs be granted six court days from the issuance of the Order to Show Cause to submit any objection or motion to quash the subpoena and/or Section 1782 application, that Chevron receive two court days for its reply, and that, if the Court wishes a hearing, that it be held immediately after Chevron files its reply.  Other federal courts have adopted similarly expedited briefing schedules.  For example, on November 16, 2010, Chevron filed a Section 1782 application seeking discovery from another attorney who had significant involvement in the Lago Agrio Litigation, Joseph Kohn.  The next day, the court issued an Order to Show Cause setting a briefing schedule similar to the one requested here.  U.S. RJN, Ex. AA (November 17, 2010 Order to Show Cause).  The District of Vermont also recently adopted a similarly expedited schedule in connection with another related 1782 Application for discovery filed by Chevron.  U.S. RJN, Ex. Y (October 22, 2010 Order to Show Cause); *see also, e.g.,* U.S. RJN, Ex. Z (August 20, 2010 Order to Show Cause setting similarly expedited schedule).

Upon resolution of any objections, Chevron respectfully requests that this Court enter an Order, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, granting it leave to issue the Subpoena.

Dated: November 19, 2010

Respectfully submitted,

NUTTER, MCCLENNEN & FISH, LLP.


By:_____/s/ Robert L. Ullmann_____
       Robert L. Ullmann

NUTTER, MCCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts  02210-2604
Telephone: 617.439.2262
Facsimile:  617.310.9262

GIBSON, DUNN & CRUTCHER LLP
Randy M. Mastro
Scott A. Edelman
Andrea E. Neuman
2029 Century Park East
Los Angeles, CA 90067
Telephone: 310.552.8500
Facsimile: 310.551.8741

*Attorneys for Applicant Chevron Corporation*